## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRUCE A. FRANK,
      Appellant,

v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DE-1221-23-0197-W-1

DATE: September 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James R. Tanner, Esquire, Tooele, Utah, for the appellant.

Kateni T. Leakehe, Esquire, Dugway, Utah, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. On petition for review, the appellant challenges the administrative judge's prehearing jurisdictional rulings and his finding on the merits that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant did not prove that he made a protected whistleblowing disclosure. He also argues that the administrative judge erred by excluding evidence at the hearing, and he reraises numerous arguments concerning the strength of the agency's personnel actions that are not relevant to the determinative issue of whether he made a protected disclosure. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Under the Whistleblower Protection Enhancement Act, at the merits stage of the appeal, the appellant must prove by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in an activity protected by 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that such disclosure or activity was a contributing factor in an agency's personnel action. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 13. If the appellant meets that burden, the agency is given an opportunity to prove by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure or activity. *Id.*; *see* 5 U.S.C. § 1221(e)(1)-(2). Before adjudicating an IRA appeal on the merits, however, the Board must make a threshold finding of jurisdiction, including whether the appellant made a nonfrivolous allegation of a

protected disclosure or engaged in protected activity. *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶¶ 11-15. Only after Board jurisdiction is established is the Board required to provide the employee with a hearing on the merits. *Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003).

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. Here, the administrative judge provided the appellant with several opportunities to clarify his allegations of protected whistleblowing disclosures, Initial Appeal File (IAF), Tabs 3, 7, 13, 20, prior to issuing his jurisdictional rulings, IAF, Tabs 20, 26. Notably, the appellant failed to preserve for review any objection to these rulings, which found that the appellant made timely, nonfrivolous allegations concerning only one allegedly protected disclosure. IAF, Tab 20 at 1-3, Tab 26 at 1-2; *cf. Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 6 (2011) (finding that the appellant failed to preserve any objection to the administrative judge's characterization of the issues for hearing because she did not object to the administrative judge's prehearing ruling when given the opportunity to do so). Nevertheless, we have considered the appellant's arguments on review, Petition for Review (PFR) File, Tab 1, but find no error in the administrative judge's conclusion that he did not make timely, nonfrivolous allegations of any other protected disclosures. We also find no error in the administrative judge's jurisdictional finding of nonfrivolous allegations of a reasonable belief regarding only an abuse of authority—rather than a violation of law, rule, or regulation, as the appellant reasserts on review. IAF, Tab 20 at 2; PFR File, Tab 1 at 6-7, 16-17.

Concerning the alleged protected disclosure over which the Board has jurisdiction, the administrative judge held the appellant's requested hearing on the issue and found that he did not prove by preponderant evidence that he reasonably believed that the matter disclosed evidenced an abuse of authority. IAF, Tab 30, Initial Decision at 8-13. The Board has historically defined an abuse of authority as an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other preferred persons. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). However, in *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022), the U.S. Court of Appeals for the Federal Circuit defined an abuse of authority more broadly as an arbitrary and capricious exercise of authority that is contrary to the agency's mission. Whichever standard is applied in this case, the result is the same. The administrative judge made well-reasoned findings assessing the credibility of witnesses and weighing the documentary evidence. *Id.* Because a hearing was held below, and the administrative judge's credibility determinations are based, in part, on witness demeanor at the hearing, we defer to those credibility determinations, absent a sufficiently sound reason to disturb those findings. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the appellant has not established a sufficiently sound reason to disturb the administrative judge's credibility-based findings on review. PFR File, Tab 1. The appellant also appears to challenge the administrative judge's legal analysis but has not shown that the administrative judge erroneously applied the law to the facts of this case. PFR File, Tab 1 at 26.

Lastly, the appellant argues that the administrative judge erred by excluding evidence at the hearing. *Id.* at 24-25. To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show that the administrative judge

disallowed relevant evidence that could have affected the outcome of the appeal. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). We find that the appellant has not made such a showing here.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.